IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------
:
:
: CASE NO. 4:05 CV 1959
PAUL FAZZINI,                              :
               Petitioner,     :
:
     -vs-                                 : MEMORANDUM OF OPINION
:
:
:
WARDEN OF NEOCC, et al.,            :
               Respondents.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 9 August 2005, pro se petitioner Paul Fazzini ("Mr. Fazzini") filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Fazzini, who is incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio (NEOCC), brings this action against the Warden at NEOCC, the United States Marshal Service, and United States Parole Commission. The petitioner claims his current custodian is the Warden, but that he is being held as a "US Marshal's prisoner on Orders of the US Parole Commission." (Pet. at 1.) Mr. Fazzini is challenging the Parole Commission's decision to revoke his term of probation and impose the fifty-two (52) month sentence he is currently serving.

**I. BACKGROUND**

On 21 March 2005, Mr. Fazzini filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2241. See Fazzini v. NEOCC et. al., Case No. 4:05 CV 0765 (N.D. Ohio filed

Mar. 21, 2005). Mr. Fazzini's petition challenged the Parole Commission's decision to revoke his term of probation. The Court dismissed the petition on 9 May 2005, without prejudice, based on the petitioner's failure to exhaust his administrative remedies.

Mr. Fazzini filed a motion for reconsideration on 8 June 2005, wherein he sought relief from the Court's Memorandum of Opinion dismissing his petition. This Court denied the Motion on 22 June 2005, and Mr. Fazzini filed a Notice of Appeal in the Sixth Circuit Court of Appeals on 30 June 2005. In his appeal, Mr. Fazzini challenges this ourt's dismissal of his petition based on his failure to exhaust administrative remedies. The appeal is now pending before the Sixth Circuit.

## LAW AND ARGUMENT: Federal Habeas Corpus Petitions
## 28 U.S.C. § 2241

If a petitioner seeks to challenge the execution of his sentence, he may file a Section 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 534 U.S. 1008, 122 S.Ct. 493 (2001). However, the prisoner must first exhaust his or her available remedies before filing a Section 2241 petition for habeas corpus relief. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam). As this Court noted in its dismissal of his prior Section 2241 petition, see Fazzini, No. 4:05 CV 0765 (Order Dismissing Pet. at 4, 9 May 2005), this requirement applies specifically to federal prisoners who seek to challenge the Parole Commission's actions by way of habeas corpus. Seawell v. Rauch, 536 F.2d 1283 (9th Cir. 1976); see also Ruviwat v. Smith, 701 F.2d 844 (9th Cir. 1983); Guida v. Nelson, 603 F.2d 261 (2d Cir. 1979).

The instant petition is identical to the previous, 21 March 2005, petition Mr. Fazzini filed in this Court. Not only does it not raise any new grounds for relief, the petitioner has still failed to provide a final decision from the National Appeals Board, as this Court directed in its Memorandum of Opinion dismissing that action, see Fazzini, No. 4:05cv0765 (Order Dismissing Pet. at 6, 9 May 2005), and in its order denying petitioner's Motion for Reconsideration. See id. (Order Denying Mot. Recon. at 4, 22 June 2005.)[1] Since Mr. Fazzini's previous petition was dismissed without prejudice, the present petition may not be dismissed as successive.[2] Nevertheless, the instant petition is improperly before the Court as it bears the same legal infirmities which caused the Court to dismiss the previous, 21 March 2005, petition filed by Mr. Fazzini.

Accordingly, this petition is dismissed without prejudice for failure to exhaust administrative remedies. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 13 October 2005

---

[1] As with any exhaustion claim, it would be the final arbiter's decision which the petitioner is challenging. Without an assertion of what that final decision is, the Court cannot determine the merits of the petitioner's claim.

[2] Successive applications for the same relief need not be entertained if the second or successive petition fails to allege new or different grounds for relief and the prior determination was on the merits. See 28 U.S.C. § 2244. See also Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.1987).